UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANCE A. WYATT,

       Plaintiff,

v.                                    Case No:  2:25-cv-520-JES-DNF

KEVIN RAMBOSK, in his official capacity as Sheriff of Collier County, and in his individual capacity; SGT. BYRON TOMLINSON; SGT. CHRISTOPHER MEYER; DETECTIVE ANNA MARIE DE ROSA; DEPUTY MELISSA SENA; VNB DET. KEITH BLAKE; DEPUTY HILL; DEPUTY MARRONE; DEPUTY ALTER; DIRECTOR KATINA BOUZA; CHIEF MIDDLEBROOK, ARMOR CORRECTIONAL HEALTH SERVICES, INC., YESCARE, DEPUTY CANNISTRA, TANYA GONCALVES DEOLIVEIRA, JAVANA GONCALVES DEOLIVEIRA, ABBEY BAKER, JEFFREY JUCHNOWICZ, DEPUTY DEREK HERNANDEZ, SGT. MILLER, SGT. RICHARDSON, DEPUTY MEEK, DEPUTY CARMONA, SGT N. GARCIA, OLGA GILMAN, PA, PAMELA STEVENS LCSW, DR. POREDA, ZINNIA L. RODRIGUEZ, AFRPN, HSA, KATHY VERDES, APRN, MEGAN COZZETTO, APRN, NOELVYS HERNANDEZ, Medical records, MICAHEL HEDBERG, DEPUTY BUTLER, CHRISTINA NOTTINGHAM (IDOC), ROBIN KELLY (FDOC), GLEN BACON (FDOC), MARK BAKER, CAPTAIN K. HARMON, CAPTAIN D. CANADY, DEPUTY WHITEHEAD, DON C. BENSING, UNDERSHIERIFF JIM BLOOM, CHIEF GREG SMITH, CHIEF

CRHIS ROBERTS, AND PENNY
TAYLOR,

        Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on a Motion to Dismiss (Doc. #53) the 257-page First Amended Complaint (Doc. #40) filed by Sheriff Kevin Rambosk, Undersheriff Jim Bloom, Chief Greg Smith, Chief Chris Roberts, and Commissioner Penny Taylor. In a footnote, counsel indicates that an agreement had been reached regarding the filing of a second amended complaint, however finding no amended pleading or an update from plaintiff, counsel withdraws consent to further amendment. (Doc. #53, p. 1 n.1.) Plaintiff filed a Response in Opposition (Doc. #55) to the dismissal indicating a continuing intent to file a motion for leave to file a second amended complaint although no motion has been filed.

"Defendants move to dismiss because the [First Amended Complaint] includes claims that are time-barred on the face of the pleading", because it "is a shotgun pleading" and because it "improperly names certain Defendants without asserting any claims against them." (Doc. #53, p. 2.) Defendants otherwise also argue on the merits and assert qualified immunity. In the first 17 pages of the First Amended Complaint, plaintiff discuss the statute of limitations, tolling, and discovery issues. (Doc. #40, pp. 5-17.) After that, plaintiff lists the numerous defendants through page

2

57, before detailing various conspiracies (the setup conspiracy, the Myrtle equal protection conspiracy, the continuing conspiracy), id. at 61, 129-132, 164, and other facts, id. 61-190. The actual Counts start on page 190 and run through page 252, before plaintiff asserts his various requests for relief.

"A complaint is a mechanism to fairly, precisely, directly, soberly, and economically inform the defendants — in a professionally constrained manner consistent with the dignity of the adversarial process in an Article III court of the United States — of the nature and content of the claims." Trump v. New York Times Co., 800 F. Supp. 3d 1297, 1299 (M.D. Fla. 2025). For a pleading to state claims for relief, it "must contain: **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). "'At the pleading stage,' all a plaintiff must do is provide a 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp., 147 F.4th 1341, 1348 (11th Cir. 2025) (citation omitted). "Put another way, 'we do not require heightened fact pleading of specifics, but only enough

facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In this case, there is nothing short or plain about a pleading that is more than 200 pages in length.  Plaintiff need not plead the entire case in the pleading.  "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010) (citations omitted).

Accordingly, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. #53) is **GRANTED** without prejudice.

2. Plaintiff may file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order limited to **50 pages.  If no second amended complaint is filed, the case will be closed without further notice.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record

4