UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANCE A. WYATT,

Plaintiff,

Case No. 2:25-cv-00520-KCD-KRH

v.

SHERIFF KEVIN RAMBOSK, COLLIER COUNTY; UNDERSHERIFF JIM BLOOM, COLLIER COUNTY; CHIEF GREG SMITH, COLLIER COUNTY; CHIEF CHRIS ROBERTS, COLLIER COUNTY; CHIEF MARK MIDDLEBROOK, COLLIER COUNTY; COLLIER COUNTY SHERIFF'S OFFICE, COLLIER COUNTY, FLORIDA, CHAIR PENNY TAYLOR, COLLIER COUNTY BOARD OF COMMISSIONERS; VICE CHAIR WILLIAM MCDANIELJR., COLLIER COUNTY BOARD OF COUNTY COMMISSIONERS; ARMOR HEALTH/ARMOR CORRECTIONAL HEALTH SERVICES, OTTO CAMPO, CHIEF EXECUTIVE OFFICER OF ARMOR HEALTH; KENNETH "KEN" PALOMBO, CHIEF ADMINISTRATIVE OFFICER OF ARMOR HEALTH; MANUEL FERNANDEZ, CHIEF OPERATING OFFICER OF ARMOR HEALTH; RN MARILOLY MULLER, EXECUTIVE VICE PRESIDENT OF HEALTH

SERVICES; SERGEANT BYRON TOMLINSON, SERGEANT CHRISTOPHER MEYER, DETECTIVE ANNA MARIE DE ROSA, DEPUTY MELISSA SENA, DETECTIVE KEITH BLAKE, DEPUTY HILL, DEPUTY MARRONE, DEPUTY ALTER, DIRECTOR KATINA BOUZA, CHIEF MIDDLEBROOK, YESCARE, DEPUTY CANNISTRA, TANYA GONCALVES DEOLIVEIRA, JAVANA GONCALVEZ DEOLIVEIRA, ABBY BAKER, JEFFREY JUCHNOWICZ, DEPUTY DEREK HERNANDEZ, SERGEANT MILLER, SERGEANT RICHARDSON, DEPUTY MEEK, DEPUTY CARMONA, SERGEANT N. GARCIA, OLGA GILMAN, PAMELA STEVENS, DR. POREDA, ZINNIA L. RODRIGUEZ, APRN, HSA; KATHY VERDES, APRN; MEGAN COZZETTO, APRN; NOELVYS HERNANDEZ, MICHAEL HEDBERG, DEPUTY BUTLER, CHRISTINA NOTTINGHAM, ROBIN KELLY, FDOC; GLENN BACON, FDOC; MARK BAKER, CAPTAIN K. HARMON, CAPTAIN D. CANADY, DEPUTY WHITEHEAD, DON C. BENSING, ISCENKO, LIEUTENANT D. DELLINGER,

Defendants,
__________________________________/

**ORDER**

Plaintiff Lance A. Wyatt filed this civil rights lawsuit challenging his June 2021 arrest, the ensuing pretrial detention, and multiple years of law enforcement conduct that followed. The current complaint—Wyatt's third—spans twenty-six counts and names over thirty defendants. (*See* Doc. 60.)[1] He seeks relief under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. The cast of characters includes the Collier County Sheriff, dozens of deputies and jail officials, private medical contractors, and several civilians.

Several defendants who have now been served seek to dismiss the complaint. (*See* Docs. 66, 79, 81.) Pertinent here, they argue that Wyatt's complaint fails to meet basic pleading standards. The Court agrees.

Federal Rule of Civil Procedure 8 demands a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not request hyper-detailed factual allegations, but it does demand enough clarity to give defendants fair notice of what the claims are and the facts on which they rest. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Wyatt's latest complaint is neither short nor plain. Instead, it falls into a category of disjointed, sprawling complaints that the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Eleventh Circuit has long condemned. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

To start, the complaint is replete with boilerplate buzzwords masquerading as factual substance. A complaint must offer more than "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But Wyatt repeatedly pleads constitutional labels without the supporting factual background. Take his conspiracy claim in Count 4, where Wyatt proclaims that five different defendants "reached and maintained an understanding" to manufacture a pretextual welfare check. (Doc. 60 at 33-34.) He offers no details about the actual contours of this alleged agreement—what it was, when it was formed, or how these specific individuals coordinated their efforts. Instead, Wyatt routinely leaps straight to the legal conclusion, declaring, for instance, that a welfare check was a "pretext for reconnaissance" or that a search warrant affidavit contained "material false statements." (*Id.*) And to the extent there are factual allegations, they are too convoluted and disconnected for the Court to understand.

Compounding the problem, Wyatt frequently lumps multiple defendants together, referring to them collectively without identifying who actually did what. For instance, Count 26 alleges that three deputies collectively "coerced" his device passcodes, completely failing to differentiate their individual actions. (Doc. 60 at 44.) Or consider Count 14. There, Wyatt

points the finger at four different jail officials—Middlebrook, Bouza, Canady, and Harmon—accusing them of collectively maintaining or ratifying an absence of religious programming. He never bothers to specify what any one of those defendants actually did. (*Id.* at 39.) Wyatt goes so far as to lump five medical practitioners together, blanketing them under the single label "Medical Defendants." (*Id.* at 8.) When a claimant points a finger at a crowd, like here, no individual defendant receives fair notice of the charges against them.

Finally, even if the Court could somehow discern who did what, the complaint improperly joins unrelated claims. Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action only if the claims against them arise out of "the same transaction, occurrence, or series of transactions." Fed. R. Civ. P. 20(a)(2). Wyatt's complaint strings together distinct events involving different sets of defendants. The June 2021 home search and arrest has no rational connection to the jail's deprivations of religious services. And as best the Court can tell, neither of those events has anything to do with a State Attorney's Office employee allegedly fabricating a criminal history scoresheet for a bond hearing. The sprawl only grows from there, dragging in an Illinois probation officer for a purportedly invalid detainer, and still other deputies for flying drones over Wyatt's home years after his release. Wyatt cannot pack a multi-year chronology of grievances

against more than thirty actors into a single mega-suit. *See, e.g.*, *Ahmed v. Tony*, No. 0:24-CV-60383-JB, 2025 WL 3454764, at *5 (S.D. Fla. Sept. 10, 2025).

At bottom, the Court is unable to discern the actual facts buried beneath the rhetoric, much less discern how those facts tie to the twenty-six separate claims. And even if we could untangle that knot, the breadth of the lawsuit is itself problematic. Wyatt has packed dozens of seemingly unrelated claims against unconnected defendants into a single, unwieldy case. "A complaint is a mechanism to fairly, precisely, directly, soberly, and economically inform the defendants—in a professionally constrained manner consistent with the dignity of the adversarial process in an Article III court of the United States—of the nature and content of the claims." *Trump v. New York Times Co.*, 800 F. Supp. 3d 1297, 1299 (M.D. Fla. 2025). Because the complaint here fails to give Defendants fair notice of what they are being sued for and improperly joins unrelated parties, this case cannot proceed.

As mentioned, Wyatt is on his third complaint. Because he has had multiple opportunities to plead a viable claim, allowing the case to proceed any further is generally unwarranted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (identifying "repeated failure to cure deficiencies" and "futility of amendment" as valid reasons to deny leave to amend). But the complaint is so convoluted that the Court cannot tell whether he has a plausible claim

buried in the static. If the claims were trimmed down and focused, a viable case might emerge. Because that possibility remains, the Court will dismiss the complaint without prejudice.

That leaves one final piece of housekeeping. Wyatt has sued over thirty defendants, but he failed to serve many of them. The 90-day window to execute service under Federal Rule of Civil Procedure 4(m) closed long ago, and Wyatt has missed the Court's extended deadline too. (*See* Doc. 88.) Consequently, the claims against the unserved defendants must be dismissed as well.

For these reasons, it is **ORDERED**:

1. The motions to dismiss (Docs. 66, 79, 81) are **GRANTED** to the extent Wyatt's complaint fails to meet basic pleading standards.

2. The unserved defendants are **DISMISSED** for failure to prosecute.

3. As for any remaining served defendants who have appeared or not, the complaint is sua sponte dismissed as a shotgun pleading. *See Osceola v. Forsyth*, No. 2:24-CV-1131-SPC-KRH, 2026 WL 2091674, at *1 n.1 (M.D. Fla. July 21, 2026).

4. Wyatt is not granted leave to amend, but this dismissal is **WITHOUT PREJUDICE** for the reasons explained.

5. The Clerk is directed to terminate any remaining deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 3, 2026.

Kyle C. Dudek
United States District Judge